IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AMBERIA MORTON**                                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO.: 3:21-cv-482-KHJ-MTP**

**SALVATION ARMY, HINDS COUNTY and**
**SALVATION ARMY, LEE COUNTY**                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for case management purposes and for the purpose of determining whether the Court has subject matter jurisdiction. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On July 22, 2021, *pro se* Plaintiff filed her Complaint [1] along with a Motion for Leave to Proceed *in forma pauperis* [2]. On July 26, 2021, the Court granted Plaintiff *in forma pauperis* status, however, the issuance of summons and service of process was stayed pending certain clarifications from Plaintiff. *See* Order [6].

Plaintiff complains that: she has been "exited" by many Salvation Army locations ([1] at 3), she was denied entry into the "selective service" in 2016 ([3] at 5), she had an "unprofessional encounter" with a "Ms Callie" ([4] at 4), she "didn't have enough" of her medication one day ([7] at 2), she arrived at the Greyhound Station and "there was no ticketmaster" ([8] at 2), and she has "grown ill and exhausted of moving and going back and forth" between her parent's house and the streets ([9] at 2). Plaintiff also provides the price of bus fares and states that there is no Greyhound bus to take her to Grenada. *See* [12] at 2.

Plaintiff's requests for relief include "co-ownership" and "ordering individuals back to their original jurisdiction." *See* [3] at 6; [11] at 2. The Court directed Plaintiff to clarify these statements, but Plaintiff did not. *See* Order [6].

1

On July 26, 2021, the Court ordered Plaintiff to provide the basis for either diversity or federal question subject-matter jurisdiction as well as to provide the name and address of the parties and agent for process for the Defendants, the claims asserted by the Plaintiff, the basic facts supporting the claims, and the relief sought. *Id.* Plaintiff was warned that failure to comply with the order may result in the dismissal of her claims. *Id.* Plaintiff filed a response, and this matter is now ripe for review. *See* [10].

## JURISDICTION

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing jurisdiction. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017).

As a *pro se* litigant, Plaintiff is entitled to liberal construction of her pleadings and filings, but "[j]udges are not like pigs, hunting for truffles buried in the record." *United Sates v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (quotation and citation omitted). "[T]he Court cannot be left to guess whether it has subject matter jurisdiction…." *Guerrero v. United States*, 2017 WL 7921198, at *2 (W.D. Tex. Nov. 28, 2017).

In response to whether this Court has subject matter jurisdiction based on federal question jurisdiction, Plaintiff stated that she doesn't "know of a federal claim or reference of the federal law involved" and that "[i]f a law is involved I want the courts to state the issue so I can

resolve the problem." [1] [10] at 2. This is clearly insufficient to carry Plaintiff's burden. When asked to identify facts supporting diversity jurisdiction including the citizenship of the parties, Plaintiff responded that she does not: "know the citizenship for individuals nor the exact address where the parties may be served." *Id*. at [4]. This is likewise insufficient to establish that this Court has jurisdiction over Plaintiff's claims.

Based on the record, Plaintiff has not established the existence of federal subject-matter jurisdiction. The undersigned recommends that this case be dismissed for lack of jurisdiction.

### SCREENING PURSUANT TO 28 U.S.C. § 1915

As Plaintiff was permitted to proceed in this action *in forma pauperis*, her Complaint [1] is subject to screening under 28 U.S.C. § 1915(e)(2).[2] 28 U.S.C. § 1915(e)(2) set the standard for screening: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harbouth*, 55 F.3d 160, 162 (5th Cir. 1995). The court is "vested with especially broad discretion

---

[1] Plaintiff has filed at least seven (7) different actions in the Southern District of Mississippi since November of 2020. *See Morton v. Social Security Administration*, 3:20-cv-703-FKB (S.D. Miss. filed Nov. 2, 2020); *Morton v. Internal Revenue Service*, 3:20-cv-734-DPJ-FKB (S.D. Miss. filed Nov. 16, 2020); *Morton v. Baptist Memorial Hospital*, 3:21-cv-223-DPJ-FKB (S.D. Miss. filed Apr. 2, 2021); *Morton v. UMMC*, 3:21-cv-224-HTW-LGI (S.D. Miss. filed Apr. 2, 2021); *Morton v. Grenada Women's Clinic*, 3:21-cv-230-DPJ-FKB (S.D. Miss. filed Apr. 5, 2021); *Morton v. Mississippi Department of Employment Security*, 3:21-cv-312-CWR-LGI (S.D. Miss. filed May 6, 2021); and the instant action.

[2] The screening requirement applies whether the plaintiff is a prisoner or a non-prisoner. *Walters v. Scott*, 2014 WL 5575494 at *2 (S.D. Tex. Nov. 11, 2014) (citing *Newsome v. Equal Employment Opportunity Comm.* 301 F.3d 227, 231-33 (5th Cir. 2002)).

in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The courts must "winnow out the wheat from the unusual amount of chaff necessarily presented in a system which fosters pro se litigation." *Watson v. Ault*, 525 F.2d 886, 890 (5th Cir. 1976).

Even if this Court did have jurisdiction, Plaintiff has not stated a non-frivolous legal claim. A liberal review of Plaintiff's filings reveals that the facts alleged lack an arguable basis in law and state no discernable claims. Plaintiff has apparently fallen on hard times and faces numerous challenges, however, Plaintiff has not stated a cause of action against the Salvation Army or the Salvation Army locations based on the events alleged. Plaintiff's Complaint [1] should be dismissed pursuant to 28 U.S.C.§ 1915.

## RECOMMENDATION

As Plaintiff has failed to establish federal jurisdiction and failed to state a nonfrivolous legal claim, the undersigned recommends that this claim be dismissed without prejudice pursuant to 28 U.S.C. § 1915.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 3rd day of August, 2021.

                                             s/Michael T. Parker
                                             UNITED STATES MAGISTRATE JUDGE