UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMBERIA MORTON                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:21-CV-482-KHJ-MTP

SALVATION ARMY, HINDS COUNTY                                           DEFENDANTS
and SALVATION ARMY, LEE COUNTY

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. [13]. For the reasons stated, the Court adopts this Report's findings and adopts the recommendation of the Magistrate.

Pro se Plaintiff Amberia Morton filed her Complaint in July 2021, alleging she had been "exited" from various Salvation Army shelters, had been denied employment, and had been generally mistreated by these shelters. [1]. She sought leave to proceed *in forma pauperis* ("IFP"), which the Court granted. [6].

In the Order granting IFP status, the Court informed Ms. Morton that it was not clear from her Complaint what claims and relief she was seeking. *Id.* at 1. The Court explained that it could not determine whether it had subject matter jurisdiction over her claim because of this lack of clarity. *Id.* It then ordered Ms. Morton to identify the federal claim or law she seeks relief under or to identify the citizenship of each party to show diversity. *Id.* at 2.

Ms. Morton responded to the Court's Order by stating she "do[es]n't know of a federal claim or reference of the federal law involved" and by asking "the courts [sic] to state the issue so [she] can resolve the problem." [10] at 2. She also stated she did not know the citizenship of the parties. *Id.* at 4.

Based on Ms. Morton's response, the Magistrate entered his Report, recommending the Complaint be dismissed without prejudice for lack of subject matter jurisdiction. [13] at 2-3. The Magistrate also found dismissal warranted under 28 U.S.C. § 1915, which permits the Court to screen IFP actions for, *inter alia*, frivolous claims. 28 U.S.C. § 1915(e)(2). *Id.* at 3-4. Because it contained no arguable basis in law and no discernable claims on its face, the Magistrate found Ms. Morton's Complaint to be frivolous. *Id.* Ms. Morton filed a timely Objection to the Report. [15].

The Court reviews de novo the portions of the Magistrate's Report to which Morton objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)). The Court need not consider "[f]rivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not

properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

Ms. Morton does not explain what part of the Report she finds objectionable. [15]. She tries to introduce new allegations about the citizenships of purported parties, but even if such allegations were properly before the Court, they destroy the Court's diversity jurisdiction because both Ms. Morton and some of the purported defendants are citizens of Mississippi. [15] at 5-6; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)) ("Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'").

Ms. Morton also seeks to assert, for the first time, a federal basis for her Complaint by attaching a list of all the Amendments of the U.S. Constitution to her Objection. [15] at 6-7. Even had she presented this list to the Magistrate and it were properly before this Court, this does not establish a federal claim. The Court therefore overrules Ms. Morton's Objection.

After review of the record, the Court, being fully advised in the premises, finds that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of the Court. Because the Court lacks jurisdiction, it denies as moot Ms. Morton's motions for hearings. [14]; [16]; [17]; and [18].

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [13] of United States Magistrate Judge Michael T. Parker, entered in this cause should be, and the same is, adopted as the findings of this Court. The Court denies as moot Morton's Motions for Hearings [14]; [16]; [17]; and [18].

IT IS, FURTHER, ORDERED AND ADJUDGED that this case is DISMISSED WITHOUT PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 12th day of August, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE